Joseph LIEGINGER
v.
WILSON LINES, Inc.
No. 333 of 1955.

United States District Court
E. D. Pennsylvania.
Oct. 1, 1956.

Cohen, Shein & Ornsteen, Philadelphia, Pa., for plaintiff.

Harrison G. Kildare, Philadelphia, Pa., for defendant.

WELSH, District Judge.

This is libellant's motion to compel respondent to permit inspection and copying of statements.

In answer to interrogatories propounded by libellant, respondent furnished the names of two persons, both residents of Philadelphia, Pennsylvania (that is, within this District), who were said to have witnessed the accident; respondent also furnished the name of a seaman who was not an eyewitness, but who gave a statement to the effect that he was bumped against a bulkhead when the steamer surged against the dock.[1]

Libellant objected to respondent's answers to interrogatories on the ground that they failed to furnish copies of the reports and statements as demanded. This objection was dismissed by the Court in an opinion dated May 18, 1956. D.C., 145 F.Supp. 867. The instant motion to produce under Admiralty Rule 32, 28 U.S.C. was filed by libellant.

The good cause assigned in support of the motion briefly stated is: Libellant is able to prove only the happening of an accident, that is, that the steamer of which he was a crew member struck certain pier pilings at Riverview Beach, New Jersey; he is able to prove that he sustained personal injuries as the result of said accident; but he is unable to prove unseaworthiness; he has conducted an investigation to establish unseaworthiness but has been unsuccessful and he will incur great expense to continue the investigation [2] unless the Court directs that he be permitted to inspect and copy statements of witnesses and of persons having knowledge of the accident.

We are unable under the rules, to offer libellant relief. For, it is observed that the respondent has identified only one statement, that of John Maria, a member of the crew who was not an eye witness to the alleged steamer's striking of the pier pilings,[3] as to which statement the Court is of the opinion the facts assigned for its production do not constitute the good cause required by Admiralty Rule 32.

---

1. An accident report filed by the purser of the steamer was identified by respondent in its answers to interrogatories. Said report is not a statement of a witness or a person having knowledge of the accident within the scope of the present motion. Further, the Court is informed that respondent has furnished libellant with a copy of same.

2. The expense referred to by libellant involves finding and interviewing the 54 members of the crew who were listed in respondent's answers to interrogatories.

3. Respondent in its answers to interrogatories also identified two eyewitnesses. However, respondent took no statement from them.

Hence, good cause therefor not having been shown libellant's motion to produce statements for inspection and copying purposes will be denied.

An order pursuant to the foregoing opinion will be entered.